**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MICHAEL L. CALLOWAY, SR. and <br> LILLIE E. CALLOWAY, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> OKLAHOMA COUNTY, et al., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-04-0017-F <br> ) <br> ) <br> ) <br> ) |

**<u>ORDER</u>**

On August 25, 2005, the jury returned a verdict in favor of the defendants on each of the claims that were tried and submitted to the jury. (Jury Verdict, doc. no. 107.) The claims submitted to the jury consisted of plaintiffs' claims alleged under 42 U.S.C. § 1981, 1982, 1983, and the federal Fair Housing Act. The claims that were submitted to the jury were the plaintiffs' federal claims because federal claims were the only claims pleaded in the complaint, and federal question jurisdiction was the only jurisdictional basis asserted in the complaint. Complaint, ¶ 1.

After the jury rendered its verdict, plaintiffs moved in open court for equitable relief and the court set a briefing schedule. (Minute Order, doc. no. 103.) The court assumed that the plaintiffs' request for equitable relief was bottomed upon their federal claims (which had just been rejected by the jury), which prompted the court to call for briefs addressing the preclusive effect of the jury's verdict on plaintiffs' request for equitable relief. Plaintiffs' first written motion for injunctive relief did not address preclusion and was consequently stricken. (Order, doc. no. 130.) Plaintiffs then filed the brief which is now before the court, entitled "Plaintiffs' Brief in Support of the Preclusion Issue." (Doc. no. 131.) By this brief, plaintiffs ask the court to order

injunctive relief in favor of the plaintiffs. Defendants have responded by objecting to injunctive relief on the ground that the jury found no wrongdoing on the part of any defendant on any of plaintiffs' claims so that the jury's verdict precludes injunctive relief.[1]

## Discussion

Plaintiffs cite two cases in support of their request for injunctive relief against the county. The first is Fogg v. John D. Ashcroft, 254 F.3d 103 (D.C. 2001), a Title VII case which recognizes that in cases alleging intentional discrimination, the district court must follow the jury's factual findings with respect to a plaintiff's legal claims when ruling on claims for equitable relief. *Id*. at 110. Fogg notes that this rule has its roots in two legal principles: issue preclusion, which gives binding effect to the first resolution of an issue, and the right to a jury trial, which usually demands that the jury bind the court. *Id*. The Fogg jury had found for the plaintiff on all issues and had responded to special interrogatories with findings that "disparate treatment and/or retaliation motivated the conduct in question." *Id.* The district court appeared to have rejected those jury findings when it decided that equitable relief was not appropriate. *Id.* However, the district judge stated at the time of his ruling that he was "not sure that [the jury's findings and his own findings] are altogether inconsistent." *Id*. Because the judge had "never explained how the two sets of findings could be squared," the D.C. Circuit remanded the equitable claims so that the district court could "reconsider the matter consistent with the law of issue preclusion." *Id*. at 111.

---

[1] Individual defendant Gerald Wright also argues that he is not an official policymaker and has no power to carry out any order of the court. Plaintiffs concede that any injunctive relief should be directed only to the governmental entity, the county. (Plaintiffs' brief, unnumbered p. 1) Thus, there is no need for this Order to address the availability of injunctive relief against Mr. Wright and the balance of this Order refers only to a single defendant, Oklahoma County which is sued through its Board of Commissioners.

The other case which plaintiffs cite is <u>Melendez v. Illinois Bell Telephone Company</u>, 867 F. Supp. 637 (N.D. Ill. 1994).  <u>Melendez</u> recognizes that while intentional discrimination is an essential element of a § 1981 claim, intentional discrimination need not be shown in a disparate impact Title VII case.  The court reasoned that the elements required under each of the claims are different so that while the jury had stated "that it found no intentional discrimination on the part of the defendant," "[i]t [was] equally evident, that the elements of the disparate impact claim remained to be considered."  *Id*. at 645.  While the jury verdict in favor of the defendant on a §1981 was binding as to all facts necessarily determined by the jury, that verdict did not preclude a finding in favor of the plaintiff with respect to equitable relief awarded by the court on a disparate impact Title VII claim.  *Id*. at 647.  A ruling on the equitable relief could only be made after additional facts relevant to the disparate impact claim were determined.  *Id*.

These cases recognize the fundamental principle that a jury verdict precludes any equitable relief which is inconsistent with that verdict.  *See also*, <u>Butler v. Pollard</u>, 800 F.2d 223 (10th Cir. 1986) (reversing equitable remedy awarded by the court after jury verdict in favor of defendants on legal issues); and <u>AG Services of American, Inc. v. Nielsen</u>, 231 F.3d 726 (10th Cir. 2000) (finding against party on equitable theories after jury found for him on legal theories reversed as violation of Seventh Amendment and preclusion doctrines).  Nor do plaintiffs offer any developed argument to the contrary.  Rather, plaintiffs' position at this stage appears to be that certain other state claims which were never submitted to the jury in this case have somehow survived to this point and that it is these state claims which now serve as a basis for injunctive relief.  For example, plaintiffs' brief describes a "state law claims of easement maintenance and ground water damages."  (Plaintiff's brief, unnumbered pp. 3-4.)

-3-

Plaintiffs admit that no state law claims were submitted to the jury. (Plaintiff's brief, unnumbered p. 4.) Plaintiffs did not propose jury instructions concerning any state claims. As plaintiffs themselves point out (plaintiffs' brief, unnumbered p. 4), during deliberations, the jury sent two notes to the court inquiring about the possibility of an award of property damages separate and apart from the plaintiffs' discrimination claims. (Jury notes at doc. no. 106.) In response, the jury was instructed that plaintiffs could not recover on any of their claims in this case absent a finding of intentional race discrimination. (Court's instructions to jury notes, at doc. no. 106.)[2] Clearly, any state law claims which might have otherwise been the basis for any relief have been waived by the plaintiffs, at least for purposes of this case, as a result of plaintiffs' failure to submit jury instructions on any state claims and their failure to object to the lack of such instructions. *See*, Bangert Bros. Const. Co., Inc. v. Kiewit Western Co., 310 F.3d 1278, 1296 (10th Cir. 2002) (party precluded from raising an issue for the first time on appeal when it did not submit a proposed instruction on the issue and where counsel did not raise issue during formal instruction conference).

Because state law claims were not submitted to the jury, plaintiffs attempt to rely on statements in the Final Pretrial Report to argue that state law claims are available as the basis for injunctive relief. As plaintiffs state: "In this case the state claims relative to the damage to the Plaintiffs['] property were not submitted to a jury. As a result the state law claims contained in the pretrial report filed herein are properly before the Court for findings of fact and conclusions of law, despite the adverse verdict on the race discrimination claims." (Plaintiffs' brief, unnumbered p. 5.) Even if inclusion in the pretrial report were sufficient to preserve claims as to which no jury

---

[2] Although intentionally discriminatory conduct is not necessarily always an element of a FHA claim, it was an element in this case, given plaintiffs' theory of this case, as recognized in the jury instruction on the FHA which were tailored to plaintiffs' specific theory of liability under the FHA.

instructions were submitted, and it is not, the pretrial report does not describe any state law claims. In the section of the pretrial report reserved for plaintiff's "contentions and claims for damages or other relief sought," plaintiffs list their §1981, 1982, 1983 claims and the Fair Housing Act claim. They do not list or describe any state law claims.³ (This "claims" portion of the pretrial report mentions equitable or injunctive relief but only as one type of damages which plaintiffs seek under their federal claims.)

The concluding paragraph of plaintiffs' brief seems to restate several of plaintiffs' arguments and to inject a few additional ones. Because it is sometimes difficult to follow plaintiffs' arguments, this Order restates that entire paragraph from plaintiffs' brief and then responds to each of the arguments as the court interprets them. Plaintiffs argue as follows:

> Wherefore, premises considered, the Plaintiffs respectfully request that the court conduct findings of fact and conclusions of law with regard to the state claims regarding damages to the Plaintiffs' property, easement maintenance and a permanent injunction be entered prohibiting the Defendants from performing any work on the Calloways' property without the supervision of the Court or a special master or any other method the Court deems is least intrusive but will adequately protect the Plaintiffs against further arbitrary and capricious threats of future harm at the hands of the Defendants and that they be allowed the equitable remedy of restitution for the harm that has been caused due to the Defendants' conduct, and their attorneys fees and costs.

(Plaintiff's brief, unnumbered p. 5.)

To the extent this language requests injunctive relief based on state law, it is sufficient to say, again, that no state law claims have been asserted in this action. It

---

³ The voluminous summary judgment papers which have been filed in this case likewise contain no suggestion that plaintiffs assert state law claims.

is too late to assert claims that were not described in the Final Pretrial Report or submitted to the jury.

To the extent that this language appears to request injunctive relief based on the prospect of future harm or threats by the county based on the county's purported past misconduct, the court finds that injunctive relief is precluded. The jury found in favor of the county on all claims and the court has been provided no basis upon which to grant redress for any "harm that has been caused due to the Defendants' conduct." To award injunctive relief based on an underlying claim which has not been proven would fail to give the jury's verdict the preclusive effect to which it is entitled.[4]

If, by the above-quoted language, plaintiffs suggest that this court should now enjoin some future conduct, separate and apart from the alleged but not proven discriminatory misconduct, then the court finds that claims for such relief are not only precluded, they are also premature and the court has no jurisdiction over such claims because there is no current case and controversy with respect to any future harm. Moreover, as no past actionable misconduct has been established, as indicated by the jury's verdict, there is no reason to suspect a need for such relief.

Finally, with respect to plaintiffs' request that "they be allowed the equitable remedy of restitution for the harm that has been caused due to Defendants' conduct," the court finds that this action has never alleged a claim for "restitution." The request for "restitution" which appears in the concluding paragraph of plaintiffs' brief appears to be just another way of requesting damages on claims alleged, tried and lost--a request which the jury's verdict precludes.

---

[4] The court reaches no conclusion at all as to whether plaintiffs have, or have ever had, a viable state law claim arising from the facts on which the federal claims which were unsuccessfully asserted in this action were based. That is not a matter for this court to determine.

Conclusion

For these reasons, and after careful consideration of the parties' submissions, the record, and the relevant authorities, plaintiffs' request for injunctive relief is **DENIED**.

Dated this 4th day of January, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0017p040(pub).wpd