# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL L. CALLOWAY and<br>LILLIE E. CALLOWAY,<br><br>    Plaintiffs,<br><br>vs.<br><br>OKLAHOMA COUNTY, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-04-0017-F<br>)<br>)<br>)<br>) |

## ORDER

"Plaintiffs [sic] Rule 60(b)(6) Application for Relief from Judgment," filed January 19, 2006, is before the court. (Doc. no. 137.) Defendants have responded, and the application is ready for determination.

Plaintiffs ask the court to grant them equitable relief in the nature of an injunction or continuing supervision, with respect to the parties' interaction with one another and with the plaintiffs' property. Arguing that defendants' past actions have been arbitrary and capricious, plaintiffs make this request under Rule 60(b)(6), Fed. R. Civ. P.

Rule 60(b) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." 12 Moore's Federal Practice, § 60.48[1] (Matthew Bender 3d ed.) The purpose of Rule 60(b) is to "enable a court to grant a party relief from a judgment in circumstances in which the need for truth outweighs the value of finality in litigation." *Id*. at § 60.02[2]. Here, plaintiffs have suggested no circumstance indicating a "need for truth."

Moreover, as already noted, plaintiffs' request for relief is brought under subsection (6) of Rule 60(b). Relief under subsection (6) requires extraordinary

circumstances. Ackermann v. United States, 340 U.S. 193, 199 (1950); Moore's *supra*, at §60.48 [3]. Plaintiffs have not shown any circumstance, much less any extraordinary circumstance, which might entitle them to relief under Rule 60(b)(6). Indeed, to a large extent, plaintiffs' application rehashes arguments previously submitted in support of their motion for equitable relief. The court rejected those arguments in its Order of January 4, 2006 (doc. no. 134), and no reason has been given which would support reconsideration of the court's rulings as stated in that Order.

The jury returned a verdict in favor of defendants on all of the claims tried in this action, judgment has been entered, and plaintiffs have shown no basis upon which the court could now predicate equitable relief of the type requested. Accordingly, after careful consideration of the parties' submissions and the relevant arguments and authorities, the court finds and concludes that plaintiffs have not shown they are entitled to relief under Rule 60(b)(6), or under any other rule or authority. "Plaintiffs' Rule 60(b)(6) Application for Relief from Judgment" is **DENIED**.

Dated this 13th day of February, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0017p044(pub).wpd